LAND, J.
 

 Plaintiff has sued defendant for a divorce on the ground of adultery. Defendant has appealed from a judgment dissolving the bonds of matrimony and awarding to plaintiff the custody of the three children, the issue of the marriage.
 

 Plaintiff has alleged various acts of infidelity committed by defendant with the same co-respondent, on or about June 1, 1927, at the matrimonial domicile in Jackson parish; on or about December 20, 1927, in the woods off the Chatham-Weston highway in that parish ; and on or about March 11, 12, 13, and 14, 1928, at a boarding house run by the corespondent at his sawmill near Ebenezer Church in the same parish.
 

 The evidence in the case is conflicting, as the charges were denied on the witness stand by defendant and the co-respondent.
 

 However, the testimony as to the act of adultery on or about December 20, 1927, in the woods near the Chatham-Weston highway, is direct, and is that of an eyewitness who had married a niece of defendant.
 

 The witness fully identified both parties, and testified to the presence of the co-respondent’s auto parked on the roadside.
 

 Another witness also noticed the same car parked in the same place and • identified it, and, shortly after the act of adultery, found the defendant and the co-respondent riding down the road together in his ear.
 

 Still another witness had observed the corespondent’s car parked in front, of the matrimonial domicile on numerous occasions, and at early hours in the morning.
 

 In "addition to this, the testimony shows that defendant and the co-respondent made a trip together in his car to Shreveport, La. An attempt was made by defendant and the co-respondent to show that defendant had made the trip on a visit to her sister, who, however, was not placed on the stand to corroborate this testimony. An attempt was also made to explain where the parties spent the night on the occasion of the trip to Shreveport.
 

 The defendant and the co-respondent testified that they*were detained by high water and the washout of a bridge on their return from Shreveport, and that defendant had spent part of the night with a lady and her
 
 *198
 
 daughter in a car from El Dorado, Ark., also marooned at the same place, and that the other part of the night had been passed at a farm house nearby. But the farmer was not produced to corroborate this statement, nor were the occupants of the ear from El Dorado, Ark.
 

 Although the parties in the El Dorado car may not have been known to defendant and the co-respondent, the sister of defendant at Shreveport was known to them, and the name of the farmer on the roadside could have been readily ascertained. The absence of these witnesses at the trial of the case necessarily militates against the credibility of defendant and the. co-respondent, in their attempt to explain their whereabouts on the night of their trip to Shreveport.
 

 The claim of defendant that the main wit- • nesses in the case were prejudiced against the co-respondent because of certain previous differences between them does not impress us, in view of the failure of defendant to produce the witnesses obtainable in order to corroborate her testimony and vindicate her chastity, in connection with the trip to Shreveport.
 

 Moreover, the testimony of the eyewitness is corroborated, at least as to the presence of the co-respondent’s car parked along the roadside, and as to the presence of the parties in the immediate neighborhood of the adulterous act in the woods, testified to by this witness.
 

 The presence of defendant’s car at the matrimonial domicile on numerous occasions, and at early hours in the morning, is also proven by the testimony.
 

 Under all of these circumstances, we cannot well say that the judgment appealed from is manifestly erroneous and should be reversed.
 

 The trial judge heard and observed the witnesses on the stand when they testified, and is presumed to be acquainted with the reputation of each in the community in which he resides.
 

 Judgment affirmed.